**Walter A. CIDLOWSKI, Plaintiff—Appellant,**

v.

**UNITED STATES DEPARTMENT OF STATE, Defendant—Appellee.**

No. 07–16116.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 19, 2007.

Walter A. Cidlowski, San Francisco, CA, pro se.

---

* The panel unanimously finds this case suitable

for decision without oral argument. *See* Fed.

Melanie L. Proctor, U.S. Attorney's Office, San Francisco, CA, for Defendant–Appellee.

. Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

## MEMORANDUM **

Walter A. Cidlowski appeals from an order dismissing his action because the issue he raised was barred by collateral estoppel. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the application of collateral estoppel. *See McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1096 (9th Cir.2004).

A review of the record and the opening brief demonstrates that the questions raised in this appeal are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). Appellant previously made a request under the Freedom of Information Act seeking possession of documents relating to the "disposition and whereabouts of members of the Russian Romanov royal family . . ." *See Cidlowski v. United States Department of State,* 04–2172 (N.D. Cal. complaint filed June 2, 2004). The issue was actually litigated, resulting in summary judgment on that issue in favor of the defendant. He then filed a second complaint against the same defendant raising the same issue. We conclude that the district court properly applied collateral estoppel. *See McQuillion,* 369 F.3d at 1096.

Accordingly, we grant appellee's motion for summary affirmance.

All pending motions are denied as moot. .

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

